OZARK COOPERAGE & LUMBER CO. v. KIMONT.

(Supreme Court, Appellate Division, Third Department.     January 5, 1916.)

1. EVIDENCE ⬤⟜466—PAROL EVIDENCE AFFECTING WRITING—RELEASE OR
   DISCHARGE.

   Where a lumber dealer, indebted to a lumber company, which held his
   notes, gave such company a bill of sale on his stock in consideration of
   its agreement to surrender the notes, proof of the facts in an action
   by the lumber company on one of the notes was not inadmissible, under
   the rule that parol evidence cannot be given to vary the terms of a
   written instrument, since the evidence was introduced to prove that the
   execution and delivery of the bill of sale operated to pay the notes, and
   was not rendered incompetent merely because it conflicted somewhat with
   the documentary evidence.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2145;  Dec.
   Dig. ⬤⟜466.]

2. BILLS AND NOTES ⬤⟜527—PAYMENT—SUFFICIENCY OF EVIDENCE.

   · In a lumber company's suit on a note against a dealer, evidence *held*
   sufficient to justify a finding that defendant had given a bill of sale
   covering his stock to plaintiff, pursuant to its proposal that, if he did so,
   it would surrender the note.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1847–
   1855;  Dec. Dig. ⬤⟜527.]

3. APPEAL AND ERROR ⬤⟜999—QUESTIONS REVIEWABLE—FINDINGS.

   The determination of a jury as to an issue of fact is binding on appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–
   3921, 3923, 3924;  Dec. Dig. ⬤⟜999.]

Appeal from Trial Term, Saratoga County.

Action by the Ozark Cooperage & Lumber Company against Wil-
liam P. Kimont.  From a judgment for defendant, and an order deny-
ing new trial, plaintiff appeals.  Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Oscar Warner, of Mechanicville, for appellant.

Robert Frazier, of Mechanicville, for respondent.

HOWARD, J.  The action is on a promissory note; the defendant
admits that he made the note in suit, but pleads payment.  Previous
to the making of the note, certain business transactions between the
Ozark Cooperage Company and the defendant had taken place, the
result of which was that the defendant became indebted to the com-
pany in the sum of $839.41 on an open account; and in addition to
this the company held two notes against the defendant, one for $431.-
38 (the note in question) and one for $237.15.  These three items of
indebtedness seem to have been the subject of certain negotiations be-
tween the parties.  Finally, on October 2, 1905, the plaintiff wrote the
defendant as follows:

"Mr. W. P. Kimont, Mechanicville, N. Y.—Dear Sir: After considering the
question as to how we could secure ourselves for your indebtedness, and at
the same time permit you to sell off the stock and thus discharge it, we have
concluded the following is the most desirable: You will execute to us a bill
of sale of the stock, in consideration for which we will cancel and return to

---

⬤⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

you your two outstanding notes. We will then appoint you our agent to sell the stock, and as you sell it you are to account to us for the proceeds, which will be applied to reimburse ourselves. Inclosed are the bill of sale and the authority to you as agent. If this is satisfactory to you, sign the bill of sale and acknowledge it before some notary public in your city, returning it to us.

"Yours very truly,        L. M. Preston, 2d Vice President."

Immediately upon the receipt of this letter, and on the same day, the defendant wrote a letter in reply, in which he refused to consent to the proposition embodied in the letter which he had received, and stated to the company that, inasmuch as he only owed them about $1,500, he would not consent to give a bill of sale of property worth $2,300. A few days afterward, one Dickinson, a representative of the plaintiff, came to the defendant to further negotiate with him concerning the matter, and after some conversation the defendant executed the bill of sale, which had been forwarded to him with the letter above referred to. At that time the defendant said to Dickinson:

"It is the understanding that you shall return these notes, and there will be no interest paid for the amount that I owe you."

Dickinson replied:

"No, sir; there will be no interest paid."

Subsequent to the making of the note the Ozark Cooperage Company became merged, practically, in the Ozark Cooperage & Lumber Company, the plaintiff herein, and this note, with other assets of the former corporation, passed by assignment to the latter.

In considering the questions presented by this appeal, we must not lose sight of the issue which was joined by the pleadings. The complaint alleges that the note has never been paid; the answer denies this, and declares that it has been fully paid. This question of fact was the only issue before the trial court. The defendant's evidence was all introduced to establish that he had paid the note. His contention was that the payee, the Ozark Cooperage Company, by its letter above recited, proposed to him to cancel and return to him the note in suit, if he would execute to the company a bill of sale. He did afterwards execute and deliver to them the bill of sale, and thus, as he contends, did pay the note. In order to prove payment in this manner, the defendant introduced the letter, the bill of sale, the authority to him to act as agent, and the conversation between himself and Dickinson, the representative of the company. Much of this evidence was objected to by the plaintiff, particularly the conversation with Dickinson. The plaintiff contends that this evidence was incompetent, for the reason that it tended to vary and alter the terms of the bill of sale.

[1] Much space in the briefs is devoted to the discussion of the rule, and the exceptions thereto, that parol evidence cannot be given to vary the terms of a written instrument. Much learning is displayed and many leading cases are cited; but, as we view the question before the court, the discussion is not apropos. The bill of sale recites that it is given as collateral security for the payment of the

open account, and the sums of money "as evidenced" by the two notes. But the evidence was not introduced to dispute or vary this. Perhaps the evidence did conflict somewhat with the language of the bill of sale; but it was not introduced to dispute or vary the bill of sale, or affect the bill of sale. It was introduced to prove that the execution and delivery of the bill of sale, pursuant to the proposal in the company's letter, operated to pay the note. The bill of sale was not the paper in suit; it was simply evidence—as the conversation and the company's letter were evidence—of the transaction which resulted, as the defendant claims, in the payment of the note. The defendant undertook to present to the court the entire transaction— the documentary, as well as the verbal, features of it. This was the straightforward course to pursue, and the fact that the verbal evidence conflicted somewhat with the documentary evidence did not render the former incompetent. No such rule has ever been propounded.

[2] From all the evidence before it—the letter of the plaintiff proposing the bill of sale, the letter of the defendant in reply, the bill of sale itself, and the testimony of the defendant as to the conversation between himself and Dickinson—the jury concluded that the agreement between the parties was that the Ozark Cooperage Company was to cancel and surrender the notes to the defendant in case he executed the bill of sale. It is true that the company and its successor, the Ozark Cooperage & Lumber Company, have retained the note in suit, and this is strong presumption in their favor. However, on the whole case we think the jury was warranted in accepting the defendant's version of the transaction, and concluding that the agreement was to surrender the note upon the execution of the bill of sale. With this determination of the jury we are not disposed to interfere.

[3] There was some dispute as to the genuineness of the letter above quoted, and as to the other alleged letters of the plaintiff, which were introduced in evidence by the defendant; but the jury has found with the defendant on this issue, and their determination is binding here.

The defendant raises the question that the plaintiff, being a foreign stock corporation doing business in this state, and having failed to file the certificate provided in section 15 of the General Corporation Law, cannot maintain this action; it being an action on a contract made by the defendant within this state. In view of our attitude on the other feature of the case, as disclosed in the discussion above, we do not think it necessary to pass upon this question. We prefer to allow our decision to rest upon the verdict of the jury to the effect that there was an agreement between the parties, at the time of the execution of the bill of sale, that the Ozark Cooperage Company was to surrender to the defendant the note in suit.

The judgment and order appealed from should be affirmed, with costs. All concur; KELLOGG, P. J., in result.